## In re CENDANT CORPORATION LITIGATION.

### CIV. A. No. 98–1664.

United States District Court, D. New Jersey.

Nov. 4, 1998.

Andrew R. Jacobs, Fitzsimmons Ringle & Jacobs, Newark, NJ, Daniel W. Krasner, Peter C. Harrar, Gregory N. Nespole, Wolf Haldenstein Adler Freeman & Herz, LLP, New York City, for Plaintiff Lewis.

Marvin A. Miller, Adam J. Levitt, Miller Faucher Cafferty and Wexler, LLP, Chicago, IL, J. Dennis Faucher, Bryan L. Clobes, Miller Faucher Cafferty and Wexler LLP, Philadelphia, PA, for Plaintiff Casnoff.

Leonard Barrack, Gerald J. Rodos, Jeffrey W. Golan, Barrack, Rodos & Bacine, Philadelphia, PA., Max W. Berger, Daniel L. Berger, Jeffrey Leibell, Bernstein Litowitz Berger & Grossman, New York City, for Lead Plaintiffs, California Public Employees' Retirement System, New York State Common Retirement Fund, and New York City Pension Funds.

Roger W. Kirby, Randall K. Berger, Kaufman Malchman Kirby & Squire, New York City, for Welch & Forbes, Lead Plaintiff for the Prides Class.

Jonathan J. Lerner, Jerome S. Hirsch, Skadden, Arps, Slate, Meagher & Flom LLP, New York City, for Defendant Cendant Corporation.

## OPINION

WALLS, District Judge.

This matter comes before the Court on the motion of plaintiff Alan E. Casnoff to clarify the May 29, 1998 Consolidation Order or, in the alternative, for an order providing for the appointment of separate lead plaintiff and lead counsel and the motion of plaintiff Dr. Lisa Lewis to clarify or modify the Order of August 24, 1998. Oral argument by the parties was heard on October 23, 1998. For the reasons that follow, the motions of plaintiffs Lewis and Casnoff are denied.

## FACTS

On May 29, 1998, Magistrate Judge Pisano, by order, consolidated the fifty-two suits then pending against Cendant Corporation, many of its senior officers and directors, it predecessor, CUC International, Inc., Ernst & Young (the accounting firm for CUC), and various other party defendants. The order also consolidated all related actions filed with the Court after the date of the order. On July 16 and July 20, respectively, Lewis and Casnoff filed complaints against Cendant and other defendants on behalf of all purchasers of Cendant's common stock between April 15, 1998 and July 14, 1998. On August 24, 1998, the Magistrate Judge consolidated these two actions with the others based on his May consolidation order.

Both Lewis and Casnoff now request that their actions be removed from the earlier Cendant litigation. They argue that their class is entirely different from that of the consolidated Cendant litigation because their class period (April 15, 1998 to July 14, 1998) begins when the class period in the underlying litigation ends (April 14, 998). They assert that their claims arise from separate misrepresentations and wrongdoing by the defendants. Specifically, the petitioners maintain that the claims of the consolidated class are based upon Cendant's April 15, 1998 disclosure that its earnings for 1997 would be restated due to potential accounting irregularities during 1997. In contrast, ac-

cording to them, the claims of their class of Cendant common stock purchasers between April 15, 1998 and July 14, 1998 are based upon Cendant's July 14, 1998 disclosure that the 1997 earnings would be reduced by a greater amount than earlier anticipated and that 1995 and 1996 earnings would also be restated. They argue that the April 15, 1998 disclosure was false and misleading and that their claims do not share common issues of fact and law with the underlying litigation. The Court is asked to create a separate and distinct class designation for those who purchased Cendant's common stock between April 15, 1998 and July 14, 1998.

As an alternate remedy, plaintiff Casnoff argues that if his action is consolidated with the others, the Court should appoint him lead plaintiff for the class of the April 15–July 14 period. Casnoff urges the Court to do so because the "Casnoff [class] requires representation by separate lead counsel throughout the litigation in order to protect its separate and distinct interests." (Pl. Casnoff's Mem. in Supp. of Mot. to Clarify at 8–9.) Finally, he argues that if the "Court ultimately determines to maintain its consolidation of the Casnoff action into the underlying Cendant Litigation …, the bidding for Lead Counsel in the underlying litigation [should] have no effect on appointment of lead counsel in the Casnoff action." (Id. at 9.)

## DISCUSSION

### A. The Lewis and Casnoff Actions Were Properly Consolidated with the Other Pending Actions

■ The Court consolidated all actions relating to the Cendant case pursuant to Fed. R.Civ.P. 42(a) because they present common issues of law and fact and it is in the interests of judicial economy to do so:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. Fed.R.Civ.P. 42(a).

Such a consolidation is common in federal securities class action cases. See, e.g. Wright & Miller, 9 Federal Practice & Procedure: Civil 2d (1994) at §§ 2384–95. The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs that cases should be consolidated where, as here, there is "more than one action on behalf of a class asserting substantially the same claim or claims." See 15 U.S.C. § 78u–4(a)(3)(B)(ii).

Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated. Rule 42 requires only "a common question of law or of fact;" the PSLRA permits consolidation of cases with "substantially the same claim or claims arising under" the securities laws. 15 U.S.C. § 78–u(a)(3)(B)(ii). Courts which have addressed the issue have held that differing class periods alone will not defeat consolidation or create a conflict. See, e.g. In re Olsten Corp. Securities Litig., 3 F.Supp.2d 286, 293 (E.D.N.Y., 1998)(consolidating securities fraud class action cases even though the class periods were slightly different); Lax v. First Merchants Acceptance Corp., 1997 WL 461036, *7 ("varying class periods … can nevertheless be harmonized because all of the complaints are based upon a common set of operative facts."); Chan v. Orthologic Corp., No. CIV 96–1514 PHX RCV, slip op at 6–8 (D.Ariz. Dec. 19, 1996)(no conflict at early stage of litigation between plaintiff groups with different class periods); Malin v. IVAX Corp., No. 96–1843–CIV–MORENO, slip op. At 6–7 (S.D.Fla. Nov. 1, 1996)(later purchaser can adequately represent entire class because amended complaint will include all class periods).

All the actions consolidated by this Court are based on securities fraud claims that arise from a common course of conduct. The dates on which the misrepresentations occurred do not change their nature. Both the April and July statements disclosed false and allegedly fraudulent conduct. Lewis and Casnoff argue that the April statement was itself fraudulent because it downplayed or failed to disclose the extent of the accounting irregularities. They claim that the plaintiff class in the underlying litigation believed that the April statement disclosed the truth

and based their claims accordingly. Instead, their claims are grounded upon the July declaration which allegedly revealed the April statement to be false. Lewis and Casnoff argue that because of this difference, their claims do not share common issues of fact and law with those of the class in the underlying litigation.

These motions attempt to cloud the fact that the issues underlying this "new" litigation are the same as those of the other consolidated actions. The complaints name the same persons and entities as defendants as do the other consolidated actions. Lewis and Casnoff charge violations of § 10(b) and § 20(a) of the Exchange Act as do approximately fifty of the other consolidated actions. Finally, whether the April statement was inconclusive or actually misleading, their complaints address the same false quarterly and year-end financial reports attacked by the other consolidated actions.

Lewis and Casnoff also argue that their claims should not be consolidated with the others because their measure of damages is different from that of the plaintiffs who purchased stock before April 15, 1998. Assuming that the calculation of Lewis and Casnoff's damages will differ from that of the damages of the other plaintiffs in the consolidated actions, this difference does not defeat consolidation. In *Blackie v. Barrack*, 524 F.2d 891, 908 (9th Cir.1975), the Ninth Circuit found that certification of a class in a securities case was proper even where the interests of class members in calculating damages might irreconcilably conflict. Similarly, consolidation here is proper though members of the plaintiff class may have differing measures of damages.

That Lewis and Casnoff have raised additional instances of misconduct which were not addressed in the other consolidated actions does not merit the creation of a separate class. Lead counsel has indicated that an amended and consolidated complaint will be filed which will include their claims. The Court finds that the Lewis and Casnoff actions were properly consolidated with other actions pending against Cendant.

## B. *There Will be No Subclass of Post–April 15, 1998 Purchasers*

■ The misconduct of which Lewis and Casnoff complain is part of the same continuing course of conduct alleged by plaintiffs in the underlying litigation. Nevertheless, Lewis and Casnoff argue that they and their counsel should be appointed lead plaintiffs and lead counsel for a post April 15 subclass to "protect the separate interests" of that class of purchasers. They assert that the lead plaintiffs in the consolidated actions may have a disincentive to prove the claims of the post April 15 purchasers, because by proving those claims "they will in effect diminish the recovery available to satisfy [their own] claims, since defendants clearly do not have the resources to satisfy all damage claims in full." (Reply Mem. of Lewis and Casnoff at 5.) Lewis and Casnoff maintain that the "sharp differences" between their claims and those of the consolidated actions "will ultimately require severance of the matters for trial." (Pl. Casnoff's Mem. in Supp. of Mot. to Clarify at 5.) They reason that without a separate lead plaintiff and lead counsel, the post April 15 purchasers will not be adequately represented.

Pursuant to the PSLRA, this Court appointed the CalPERS group as lead plaintiffs for the claims of all shareholders with the exception of the holders of Feline Prides derivative products. Under 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I), the Court presumed that the CalPERS group, as the group of investors with the largest financial interests in the relief sought by the class, was the most adequate lead plaintiff and that it otherwise satisfies the requirements of Fed. R.Civ.P. 23. This presumption has not been rebutted because Lewis and Casnoff have not proved that the CalPERS group will not fairly and adequately protect the interests of the class or that the CalPERS group is subject to unique defenses that render it incapable of adequately representing the class.

Lewis and Casnoff speculated that there "may even be a disincentive" for the CalPERS group to prove the claims of the post April 15 purchasers. This allegation, without more, does not affirmatively demonstrate that CalPERS will not adequately represent

all the holders of Cendant stock (with the exception of the Prides group) regardless of when their stock was purchased. "Speculative assertions are insufficient to rebut the presumption" that the largest shareholder is the most adequate plaintiff. *Gluck v. Cellstar Corp.*, 976 F.Supp. 542, 547 (N.D.Tex.,1997). The PSLRA requires Lewis and Casnoff to "present 'proof' of its assertions; or, if it requires discovery to gather such proof, to 'demonstrate a reasonable basis' for a finding of inadequacy." *Gluck*, 976 F.Supp. at 548 (quoting 15 U.S.C. §§ 78u–4(a)(3)(B)(iii)(II) and (a)(3)(B)(iv)). Here, Lewis and Casnoff have presented neither.

As this Court has recently written:

"Absent a showing sufficient to rebut the CalPERS group's presumption of adequacy, what matters here is that the claims of every member or constituent group of the putative class arise from the same false or allegedly fraudulent representations of CUC.... It is unrealistic to assume that they would not travel every avenue that could potentially enhance their potential recovery. And in pursuit of their interests, the Public Pension Fund Investors will necessarily seek to establish the elements of every plaintiff's claim." *In re Cendant Corp. Litig.*, 182 F.R.D. 144 (D.N.J.1998).

The CalPERS group will litigate Lewis and Casnoff's claims of misrepresentation as part of Cendant's common course of conduct. Lewis and Casnoff have not shown their claims to be in conflict with those of the consolidated class or that they differ materially.

Indeed, Lewis' and Casnoff's motions, if successful, would injure the purpose of the PSLRA by fragmenting the plaintiff class and decreasing client control. As the *Gluck* court warned, "[i]ncreasing the number of Lead Plaintiffs would detract from the Reform Act's fundamental goal of client control as it would inevitably delegate more control and responsibility to the lawyers for the class and make the class representatives more reliant on the lawyers." 976 F.Supp. at 549. Moreover, such would reduce the "influence and responsibility" of the CalPERS group, "something Congress clearly did not wish to do." 976 F.Supp. at 549. For these reasons, the Court will not appoint separate lead plaintiffs and counsel for those investors who purchased Cendant stock after April 15, 1998.

## CONCLUSION

Lewis' and Casnoff's motions for clarification and or modification of this Court's consolidation orders of May 29, 1998 and August 24, 1998 are denied. Casnoff's motion for an order providing for the appointment of separate lead plaintiff and lead counsel is also denied.

**SO ORDERED.**